UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAURA KARR,<br>    Plaintiff,<br><br>    vs.<br><br>DOW AGROSCIENCES, LLC, THE DOW CHEMICAL COMPANY U.S. SEVERANCE PLAN, THE DOW CHEMICAL COMPANY TRANSITION PAYMENT PROGRAM, and THE CLAIMS REVIEW COMMITTEE OF THE DOW CHEMICAL COMPANY U.S. SEVERANCE PLAN,<br>    Defendants. | ))))))))))))))) | 1:10-cv-0975-LJM-TAB |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on defendants', Dow AgroSciences, LLC ("DAS"), the Dow Chemical Company U.S. Severance Plan ("Dow Severance Plan" or "USSP"), the Dow Chemical Company Transition Payment Program ("Dow TPP" or "TPP"), and the Claims Review Committee of the Dow Chemical Company U.S. Severance Plan (the "Committee") (all defendants collectively, the "Defendants"), Motion to Dismiss (Dkt. No. 9) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has considered the parties' arguments and rules as follows.

**I. BACKGROUND**

For purposes of this Order, the Court accepts as true the well-pleaded factual allegations from the Complaint. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d. 614, 618 (7th Cir. 2007). Plaintiff, Laura L. Karr, Ph.D. ("Karr"), has struggled with depression

and anxiety for thirty years and has a medical condition that affects her ability to concentrate (collectively referred to as "Karr's medical conditions"). Compl. ¶ 14. In 1989, Karr began her employment with DAS. *Id.* ¶ 11. Lynn Zettler ("Zettler") was Karr's supervisor from 2006 until Karr's employment with DAS ended. *Id.* ¶ 13. During this time, Karr occasionally missed work due to her medical conditions. *Id.* ¶ 14. In November 2007, Zettler confronted Karr about her absences and forced Karr to reveal the reasons she had been missing work. *Id.* ¶ 16. After learning about Karr's medical conditions, Zettler ordered Karr to visit DAS's nurse. *Id.* ¶ 17. In addition, DAS (by and through Zettler and others) began to scrutinize Karr's work performance. *Id.* ¶ 20.

On August 8, 2008, Zettler told Karr that "we are going to have to put in 10 and 12 hour days around here to get the work done and I don't see how your health will permit this." *Id.* ¶ 21. Zettler also suggested that Karr look for another job because Karr was "no longer a good fit in [the] group." *Id.* Zettler told Karr that she would be given a severance package if she voluntarily resigned and that if she did not resign, her employment would be terminated. *Id.* ¶ 22.

Karr applied for and received medical leave under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), which began on August 25, 2008. *Id.* ¶¶ 24-25. In addition, Karr applied for and received benefits under the short-term Dow Medical Leave Policy through February 25, 2009. *Id.* ¶¶ 26-27. In a November 24, 2008, letter, DAS advised Karr that her position had been filled and (somewhat confusingly) that if she did not return to work within six months or qualify for long-term benefits under the Dow Medical Leave Policy, DAS would terminate her employment. *Id.* ¶ 28. Karr was not able to return to work within six months and was not approved for long-term benefits. *Id.* ¶¶ 29-

30. Accordingly, DAS (in effect) terminated Karr's employment. *Id.* ¶¶ 31-35.

Following the end of her employment at DAS, Karr applied for severance benefits under DAS's USSP. *Id.* ¶ 37. On March 27, 2009, DAS advised Karr that she was not eligible for severance benefits. *Id.* ¶ 38. On April 16, 2009, Karr requested an explanation of DAS's decision. *Id.* ¶ 40. Because DAS did not respond to Karr's initial request, on September 24, 2009, Karr wrote another letter to DAS. *Id.* ¶¶ 42-43. On November 13, 2009, DAS responded to Karr's second request for an explanation of DAS's denial of her severance benefits claim, stating that "Karr's separation from service occurred as a result of her expiration of Medical Leave, which is not a 'USSP Qualifying Reason'." *Id.* ¶ 44. Further, the Dow Severance Plan claimed that Karr's "job was not eliminated, and her termination of employment was not due to job redundancy[;] [t]herefore[,] she was not 'eligible to participate in USSP' as required in Section 3." *Id.* Pursuant to the USSP's terms, on January 11, 2010, Karr filed a written request for review of the Dow Severance Plan's decision. *Id.* at ¶¶ 46-47. The USSP's Claims Review Committee denied Karr's appeal because she was not eligible to participate in the USSP and she was not a Covered Participant. *Id.* ¶ 49.

Based on the foregoing allegations and others not at issue in this Order, Karr pled claims under the FMLA, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), the Declaratory Judgment Act, 28 U.S.C. § 2201, and "the common law of the State of Indiana, including, but not necessarily limited to, the common law of negligence, fraud, constructive fraud, and breach of contract." Compl. ¶ 2.

## II. **STANDARD**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a plaintiff's complaint may not merely state "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Id.* "[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal quotations omitted). "[T]he height of the pleading requirement is relative to the circumstances[,]" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), and "[d]etermining the plausibility of a claim is a context-specific task that requires [the Court] to draw on [its] judicial experience and common sense." *Brown v. JP Morgan Chase Bank*, No. 08-1890, 2009 WL 1761101, at * 1 (7th Cir. June 23, 2009); *see also Swanson v. Citibank*, *N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (instructing that one of the "key questions" is "how much detail realistically can be given . . . about the nature and

4

basis or grounds of the claim."). "Although *Twombly* and *Iqbal* require that a complaint in federal court allege facts sufficient to show that the case is plausible, they do not undermine the principle that plaintiffs in federal courts are not required to plead legal theories." *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010) (internal citations omitted).

### III. DISCUSSION

Defendants first assert that Karr has not pled the elements of a cause of action for breach of contract because the Complaint does not establish that Karr communicated her acceptance of Zettler's purported offer of a severance package. *See Bain v. Bd. of Trs. of Starke Mem'l Hosp.*, 550 N.E.2d 106, 110 (Ind. Ct. App. 1990) ("A contract is based upon an offer and acceptance and consideration - an offer must be extended and the offeree must accept it, the communication of acceptance being crucial.") (internal quotations omitted). In support, Defendants aver that the only conclusion that can be drawn from Karr's pleading is that she did not accept Zettler's purported offer. *See* Compl. ¶ 32 ("[Karr] did not voluntarily resign from her employment with DAS."). Defendants quote Karr's allegations out of context and fail to acknowledge an applicable Rule of Federal Procedure. For purposes of Karr's federal claims, she maintains that her employment was terminated. *Id.* ¶¶ 32, 34, 44-45, 56-57, 59. However, for purposes of her state law claims, she alleges that she "relied to her detriment on the . . . promise made by DAS to her that if she would resign from her employment she would be paid severance benefits." *Id.* ¶ 61. Rule 8(d)(3) of the Federal Rules of Civil Procedure permits such inconsistency in pleading. Accordingly, the Court concludes that Karr has not pled herself out of court on her breach

5

of contract claim.

Next, Defendants submit that Karr has not pled one of the elements of a cause of action for (constructive) fraud or negligent misrepresentation because the Complaint does not establish that Karr detrimentally relied upon a material misrepresentation by DAS. *See McCalment v. Eli Lilly & Co.*, 860 N.E.2d 884 (Ind. Ct. App. 2007) ("Detrimental reliance is . . . an element of negligent misrepresentation, actual fraud, and constructive fraud."). Contrary to Defendants' suggestion, a logical reading of the Complaint supports the reasonable inference that Karr relied upon Zettler's promise that Karr would receive severance benefits if she voluntarily resigned her employment with DAS. Compl. ¶¶ 61, 66-67. Karr's reliance was to her detriment because by resigning, she relinquished any future expectancy of wages or salary, and, contrary to Zettler's promise, her resignation rendered her ineligible to receive benefits under the USSP. *Id.* ¶ 72. Accordingly, with regard to her fraud, constructive fraud, and negligent misrepresentation claims, the Court concludes that Karr has sufficiently pled the element of detrimental reliance.

Defendants also posit that Karr's negligent misrepresentation claim fails because she has not alleged that she suffered "out of pocket or 'reliance' damages" due to Defendants' negligent misrepresentation. Def.'s Br. at 17. Defendants have not directed the Court to any authority requiring plaintiffs to use such terminology in their Complaints. Further, the case cited by Defendants does not even establish that any recovery by Karr would be limited to out-of-pocket damages. *See Trytko v. Hubbell, Inc.*, 28 F.3d 715, 724 n.6 (7th Cir. 1994) (declining to decide "whether Indiana would adopt the traditional view embodied in the Restatement or a more expansive view allowing benefit-of-the-bargain damages for negligent misrepresentation."). Accordingly, the Court concludes Defendants'

argument is without merit.

Defendants next argue that Karr's state law claims are preempted by ERISA. It is, of course, well established that ERISA preempts any duplicative common law cause of action. *Vallone v. CNA Financial Corp.*, 375 F.3d 623, 639 (7th Cir. 2004). However, as implied above, Karr has pled alternate, inconsistent theories of liability, which the Court does not construe as duplicative. Fed. R. Civ. P. 8(d)(2-3). Accordingly, the Court can see no reason for dismissing Karr's state law claims at this stage.

Next, Defendants attack Karr's federal claims. Defendants assert that Karr's allegation that Zettler promised her severance benefits is not cognizable under ERISA because an ERISA claim must be grounded in a written plan. Karr does not suggest that Zettler's promise is the graveman of her ERISA claim. Once again, Defendants fail to acknowledge Karr's pleading strategy. The only reasonable inference that can be drawn from the Complaint is that Karr's ERISA claim is based on her purported denial of severance benefits under the USSP. Compl. ¶¶ 36-49. Accordingly, the Court again concludes that Defendants' argument is without merit.

With regard to Karr's FMLA retaliation claim, Defendants submit that Karr has not pled that she suffered an adverse employment action. Karr's FMLA retaliation claim is premised on her allegation that Defendants eliminated her position while she was on FMLA leave (Compl. ¶ 34) and denied her severance benefits to which she was purportedly entitled because she exercised her right to take FMLA leave. Compl. ¶¶ 62-63. Defendants aver that Karr was never entitled to severance benefits, but that is an issue better left for summary judgment. The Court concludes that Karr has sufficiently pled an FMLA retaliation claim.

In closing, the Court notes that any argument that Karr was not entitled to benefits under the USSP or that Defendants' denial of Karr's claim was arbitrary and capricious is inappropriate for the Court to consider on a motion to dismiss. Accordingly, the Court declines to rule on such matters at this time. The Court also notes Defendants' assertion that Karr has not pled a retaliation claim under Section 510 of ERISA. Karr's retaliation claim is under the FMLA. Pl.'s Resp. Br. at 17-18. Accordingly, the Court considers moot Defendants' assertion that Karr has not sufficiently pled a claim under Section 510 of ERISA.

### IV. CONCLUSION

For the foregoing reasons, defendants', Dow AgroSciences, LLC, the Dow Chemical Company U.S. Severance Plan, the Dow Chemical Company Transition Payment Program, and the Claims Review Committee of the Dow Chemical Company U.S. Severance Plan, Motion to Dismiss (Dkt. No. 9) is **DENIED**.

IT IS SO ORDERED this 13th day of December, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Kim F. Ebert
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kim.ebert@ogletreedeakins.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com

Michael L. Schultz
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP-Lebanon
mschultz@parrlaw.com